IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT ON PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GEORGE, | : | CIVIL ACTION |
| | : | NO. 11-2234 |
| v. | : | |
| | : | |
| NORTHERN HEALTH FACILITIES, INC. | : | |
| d/b/a/ DRESHER HILL HEALTH, | : | |
| AND REHABILITATION CENTER, | : | |
| NORTHERN HEALTH FACILITIES, | : | |
| INC. EXTENDICARE HEALTH | : | |
| SERVICES, INC. | : | |

MEMORANDUM

O'NEILL, J.                                                                                         July 19, 2011

Plaintiff Thomas George has sued Northern Health Facilities, Inc., d/b/a/ Dresher Hill Health and Rehabilitation Center, Northern Health Facilities, Inc. and Extendicare Health Services, Inc., alleging negligence, corporate negligence, negligence per se and vicarious liability.  Plaintiff alleges that employees of the Dresher Hill Health and Rehabilitation Center failed to follow certain provisions of 42 C.F.R. § 483, a regulation regarding the care of nursing home patients promulgated under the Omnibus Budget Reconciliation Act of 1987 (OBRA)[1], and that their failure to follow the relevant provisions led plaintiff to suffer several injuries.  Pl.'s Compl. ¶¶ 43, 49.  Plaintiff also alleges that defendant violated the Pennsylvania Healthcare Facilities Act (PHCFA) causing plaintiff to suffer injuries.  Pl.'s Compl. ¶¶ 15-17.  Presently before me are defendant's motion to dismiss plaintiff's claims for negligence per se, as are set

---

[1] The portion of OBRA related to nursing home residents is the Federal Nursing Home Reform Law (FNHRL).  See Frantz v. HCR Manor Care Inc., 64 Pa. D. & C. 4th 457, 462 (Pa. Ct. Com. Pl. 2003) ("Congress enacted the . . . [FNHRL] as part of [OBRA] . . . . OBRA revised the regulations of nursing homes.").  Plaintiff bases his allegations on the FNHRL.  Pl.'s Compl. at ¶¶ 3, 49.

forth in counts 3, 7 and 11 the complaint, plaintiff's response and defendant's reply.  I will grant defendant's motion.

## BACKGROUND

Plaintiff was admitted to Dresher Hill on October 26, 2009.  Pl.'s Compl. ¶ 1.  Upon entering Dresher Hill, plaintiff was diagnosed with, among other things, hypertension, ambulatory dysfunction and right lower leg deep vein thrombosis.  Pl.'s Compl. ¶ 36.  At the time of his admittance, plaintiff did not suffer from pressure wounds or skin care issues, was properly nourished and did not require a Foley catheter.  Pl.'s Compl. ¶¶ 37-38.  Plaintiff claims that due to defendant's neglect and failure to provide appropriate care he developed pressure wounds and gangrene.  Pl.'s Compl. ¶ 39.  He also asserts that he was unnecessarily catheterized while at Dresher Hill.  Pl.'s Compl. ¶ 40.  Additionally, plaintiff avers that defendant failed to address a problem with his bladder and bowel properly.  Pl.'s Compl. ¶ 41.  Plaintiff contends that because defendant improperly cared for him he contracted a urinary tract infection and sepsis which required treatment at a hospital.  Id.  Plaintiff's alleged injuries include, but are not limited to, gangrene, malnutrition, anemia, pressure wounds and sepsis.  Pl.'s Compl. ¶ 43.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556.

The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950.  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

In order for Medicare/Medicaid approved nursing homes to receive federal financial assistance, OBRA requires state legislatures to establish regulations that comply with the FNHRL.  See Frantz v. HCR Manor Care Inc., 64 Pa. D. & C. 4th 457, 463 (Pa. Ct. Com. Pl. 2003).  Pennsylvania complies with OBRA through its regulations under PHCFA.  Id.  Plaintiff argues that he may allege claims for negligence per se based on violations of OBRA and the PHCFA as separate causes of action.  Defendant argues that negligence per se is not a separate cause of action because the provisions of OBRA and the PHCFA are not designed to protect plaintiff and neither provide a private right of action.[2]

"[U]nder certain circumstances, the traditional standard of care in a negligence action . . . may be superceded, and the standard set forth in a particular statute . . . enacted by the legislature may, instead, provide the applicable standard of care."  Maresca v. Mancall, No. 01-5355, 2003 WL 21652170, at *5 (E.D. Pa. June 20, 2003).  Accordingly, "Pennsylvania recognizes that a violation of a statute or ordinance may serve as the basis for negligence per se."  Wagner v. Anzon, Inc., 684 A.2d 570, 574 (Pa. Super. Ct. 1996), citing White by Stevens v. Se. Pa. Transp. Auth., 518 A.2d 810, 816 (Pa. Super. Ct. 1996).[3]  "The doctrine of negligence per se provides

---

[2] "[C]ourts in Pennsylvania have recognized that the absence of a private right of action in a statutory scheme does not necessarily preclude the statute's use as the basis of a claim of negligence *per se*."  Maresca, 2003 WL 21652170, at *5.  See also McCain v. Beverly Health and Rehab. Services, No. 02-657, 2002 WL 1565526, at *1 (E.D. Pa. July 15, 2002) ("[T]he lack of a private cause of action is not enough to preclude the use of the relevant policies expressed in the [OBRA] statutes and regulations.").

[3] Because a Federal Court hearing a case based on diversity takes the applicable rule of law from the state court in which the District sits, Pennsylvania tort law applies.  Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 427 (1996).  See Kagan v. Harley Davidson, Inc., 2008 WL 1815308 at *6 n. 12 (E.D. Pa. April 22, 2008) ("As a court sitting in diversity, I am bound to

that a violation of a statute 'establishes both duty and breach of duty where an individual violates an applicable statute designed to prevent a public harm.'" Gigli v. Palisades Collection, L.L.C., No. 3:CV-06-1428, 2008 WL 3853295, at *18.  "While the violation of a statute or regulation may provide the basis for a finding of negligence per se, it is well established that not every breach of a statutory duty imposes liability." Chaflin v. Beverly Enterprises, Inc., 745 F. Supp. 1117, 1119 (E.D. Pa. 1990).  "The court will not adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively . . . to impose upon the actor the performance of a service which the state or any subdivision of it undertakes to give the public." Id. at 1120 (E.D. Pa. 1990), citing Restatement (Second) of Torts, § 288(c).  See also Wagner, 684 A.2d, at 574 (Pa. Super. Ct. 1996) ("[A] court will not use a statute or regulation as the basis of negligence per se where the purpose of the statute is to 'secure to individuals the enjoyment of rights or privileges to which they are entitled only as members of the public.'") quoting Centolanza v. Lehigh Valley Dairies, 658 A.2d 143, 150 (Pa. Super. Ct. 1993).  In order to assert a claim of negligence per se based on the violation of a regulation or statute, a plaintiff must demonstrate that "(1) the statute or regulation clearly applies to the conduct of the defendant, (2) the defendant violated the statute or regulation, (3) the violation of the statute proximately caused the plaintiff's injuries and (4) the statute's purpose is, at least in part, to protect the interest of the plaintiff individually, as opposed to the public." Mest v. Cabot Corp. 449 F.3d 502, 518 (3d Cir. 2006).

To decide whether plaintiff can state a claim for negligence per se, I will first "determine if the purpose of OBRA is, at least in part, to protect the interest of a group of individuals, as

---

apply Pennsylvania law and the Third Circuit's interpretation of Pennsylvania law . . . .").

opposed to the public generally." Goda v. White Cliff Leasing P'ship, 62 Pa. D. & C. 4th 476, 483 (Pa. Com. Pl. 2003).  To discern whether a statute was designed to protect an individual rather than the public at large, the Pennsylvania Supreme Court follows section 286 of the Restatement (Second) of Torts:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

Congini by Congini v. Portserville Valve Co., 470 A.2d 515, 517-518 (Pa. 1983), quoting Restatement (Second) of Torts § 286.[4]

In McCain v. Beverly Health and Rehab. Services Inc., No. 02-657, 2002 WL 1565526, at *1 (E.D. Pa. July 15, 2002), the Court held that OBRA and the regulations set forth in 42 C.F.R. § 483 satisfy the requirements of section 286(a) because they are intended to protect nursing home residents.  Likewise, the Court in Goda found that the central purpose of OBRA is

---

[4] Plaintiff is unable to use the PHCFA to assert a claim of negligence per se because the PHCFA does not satisfy the requirements of section 286.  The "PHCFA was not intended to protect a particular class of individuals . . . [and] the statute and the regulations promulgated thereunder . . . do not meet the Restatement (Second) of Torts § 286 analysis . . . ." Frantz, 64 Pa. D. & C. 4th, at 468; accord Goda, 62 Pa. D. & C. 4th, at 485 ("[the] PHCFA was not intended to protect a particular class of individuals.").

"'to improve the quality of care for Medicaid-eligible nursing-home residents . . . .'" Goda, 62 Pa. D. & C. 4th, at 483, quoting Beverly Health & Rehab. Serv. Inc. v. Thompson, No. 99-02367, 2002 WL 31109618, at *79 (D.D.C. 2002); see also Diggs v. Susquehanna Ctr. for Nursing and Rehab., No. 944 S 1996, 1996 WL 1044797, at *5 (Pa. Ct. Com. Pl. 1996) ("[I]t appears that the regulations are also designed to protect the interests of patients . . . [i]n light thereof, plaintiff may be able to establish a claim . . . for negligence per se."). I agree that the FNHRL component of OBRA is directed toward individuals receiving aid in a nursing home. Like the plaintiffs in Goda and McCain, plaintiff here is a nursing home resident. Therefore, plaintiff falls within the class of individuals to be protected under OBRA.

Next, section 286(b) requires me to determine whether OBRA and its regulations were enacted to protect the particular health and welfare interests that plaintiff alleges defendant invaded. The court in Goda found that "OBRA was enacted to protect the plaintiff['s] . . . health and welfare; thus the second element of § 286 is satisfied." Id. at 484. Under 42 C.F.R. § 483.25 "[e]ach resident must receive and the facility must provide the necessary care and services to attain or maintain the highest practicable physical, mental, and psychological well-being, in accordance with the comprehensive assessment and plan of care." Goda, 62 Pa. D. & C. 4th, at 483-484. Additionally, 42 C.F.R. § 483.40 provides that "[e]ach resident must remain under the care of a physician." Id. I agree that the intent of OBRA was to protect the health and welfare of nursing home residents. See also Frantz, 64 Pa. D. & C. 4th, at 468 (finding that "OBRA['s] . . . intent is to improve the standard of care in nursing homes generally.").

However, plaintiff's ability to claim negligence per se under OBRA is limited because only particular regulations, not OBRA as a whole, meet the final two elements of section 286.

In Goda, the Court found that section 483.25(j) satisfied the remaining elements of section 286 but that the plaintiff could not assert a claim for negligence per se under the other OBRA regulations set forth in his complaint. Section 483.25(j) provides that "the facility must provide each resident with sufficient fluid intake to maintain proper hydration and health." Goda, 62 Pa. D. & C. 4th, at 484. It is a mandatory standard designed to protect an interest against a particular type of harm. Id. at 482. See also Frantz 64 Pa. D. & C. 4th, at 467 ("[W]e sustain the defendant's demurrer to plaintiff's use of the aforementioned regulations as negligence per se except for 42 C.F.R. § 483.25(j).").

Upon review of the sections of OBRA that are relevant to plaintiff's claims of negligence per se, I find that the only provision alleged in plaintiff's complaint that meets element (c) of section 286 is 42 C.F.R. § 483.25(d)(1), which provides that "[a] resident who enters the facility without an indwelling catheter is not catheterized unless the resident's clinical condition demonstrates that catheterization was necessary. . . ." I find that section 483.25(d)(1), like section 483.25(j), is a mandate for an exact standard of care rather than a "goal to be attained by long-term facilities." Frantz, 64 Pa. D. & C. 4th, at 469. Thus, section 483(d)(1) satisfies the requirement set forth in section 286(c).

The other sections of OBRA plaintiff uses to support his allegations of negligence per se are not standards like section 483.25(j) but are written as goals that a nursing home ought to attain. "[D]efendant['s] failure to develop policies and procedures to attain the goals set forth in these provisions and regulations [of OBRA] does not breach the requisite standard of care to establish a negligence claim, as a result [plaintiff] cannot use these provisions to maintain a

cause of action for negligence per se."[5] Goda, 62 Pa. D. & C. 4th, at 485. "These various provisions and regulations set forth goals for a nursing home to attain." Id., at 484. For example, plaintiff alleges a violation of 42 C.F.R. § 483.30. It states that "[t]he facility must have sufficient nursing staff to provide nursing and related services to attain or maintain the highest practicable physical, mental and psychological well-being of each resident . . . ." 42 C.F.R. § 483.30. There is no mandated staff-to-resident ratio within the regulations because it is for each nursing home to determine what number of staff is sufficient to provide care. As a result, plaintiff "cannot use these provisions to maintain a cause of action for negligence per se." Goda, 62 Pa. D. & C. 4th, at 485. Even if defendant failed to develop policies to attain the goals set forth in OBRA, such a failure "does not breach the requisite standard of care to establish a negligence claim . . . ." Id. I will dismiss plaintiff's claims for negligence per se with respect to these allegations

  I will likewise dismiss plaintiff's claim pursuant to section 483.25(d)(1), for the reason that his complaint does not meet the requirement set forth in section 286(d) as it does not establish that section 483.25(d)(1) is designed "to protect that interest against the particular hazard from which the harm results." Restatement (Second) of Torts § 286(d). Plaintiff's allegations in no way draw a causal connection between his unnecessary catheterization and the particular harms that he alleges he suffered, for example, that the unnecessary catheterization might be related to his subsequent bladder problems. See Pl.'s Compl. ¶40. Because plaintiff

---

[5] Even if defendant had developed policies in line with OBRA that caused plaintiff to suffer injury, one cannot be presumed negligent at law simply for violating one's own policy. Ruder v. Pequea Valley Sch. Dist., No. 10-442, 2011 WL 1832794, at *16 (E.D. Pa. May 12, 2011).

cannot satisfy the requirements of section 286 with respect to any of his claims in counts 3, 7 and 11, I need not address the remaining three factors found in the Mest analysis. As a result, I will grant defendant's motion to dismiss plaintiff's claims for negligence per se.

Nonetheless, plaintiff can still refer to the language of OBRA in an attempt to prove defendant "failed to conform to the standard of conduct that would be expected of a nursing home for the protection of its residents against unreasonable risks, and the failure on the defendant's part to conform to this standard under general principles of negligence as opposed to negligence per se." Frantz, 64 Pa. D. & C. 4th, at 469. Plaintiff's ability to prove defendant failed to conform to the aforementioned standards "may constitute some evidence of negligence" rather than negligence per se. Id.

## CONCLUSION

For the reasons stated above, I will grant defendants' motion to dismiss counts 3, 7 and 11 of plaintiff's complaint.

An appropriate Order follows.